UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

CANTERBURY ON THE LAKE,

        Plaintiff,

v.

NURSING & CONVALESCENT HOME
EMPLOYEES DIV OF LOCAL 79,

        Defendant.
_____/

Civil Action No.
07-10604

Hon. Bernard A. Friedman

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**I.    Introduction**

The parties have both filed motions for summary judgment, seeking the Court's ruling on whether an arbitrator's award should be enforced.

On January 13, 2007, Labor Arbitrator Jack Stieber rendered an Award in favor of Defendant Nursing & Convalescent Home Employees Division of Local 79, Service Employees International Union, Local 79 ("Union") and Grievant Elizabeth Finney ("Grievant") and against Plaintiff Canterbury on the Lake ("Canterbury").

The Arbitrator held that the Grievant, who was found asleep while on duty for Defendant, was not afforded all of the benefits of the parties' collective bargaining agreement ("Agreement"). The Arbitrator found that Canterbury violated the parties' Agreement by not granting the Union's request to hold a meeting with the Grievant and a Union representative before imposing discharge. The Arbitrator then ordered that the Grievant be reinstated to her former position without back pay or benefits within one week of the date of the Award.

Plaintiff argues that the Arbitrator exceeded his authority under the parties' Agreement in rendering his Award, and requests that the Court vacate the Arbitrator's Award. Defendant argues that the Arbitrator's Award is final and binding on Plaintiff, and that Plaintiff's Complaint should be dismissed.

**II.     Facts**

Canterbury is an independent, assisted and dependent care facility in Waterford, Michigan. The Grievant was employed with Canterbury as a certified nurse assistant, and was assigned to the midnight shift. On the nights of September 13/14, 2005 and September 14/15, 2005, the Grievant was observed sleeping on the job. The Grievant was terminated by Canterbury for sleeping on the job.

On September 26, 2005, the Union filed a grievance protesting the Grievant's discharge. The Grievance was filed pursuant to the parties' Agreement, which includes a procedure for the processing and adjusting of grievances, including the ultimate step of binding arbitration. The grievance was not resolved, and the matter was advanced to arbitration. On November 26, 2006, an arbitration hearing was held before Arbitrator Jack Stieber.

On January 13, 2007, the Arbitrator issued his Opinion and Award ("Award"), in which he concluded that Grievant had been found asleep on the job, in violation of Canterbury's written policy which prohibits sleeping on the job. The Arbitrator also found that Canterbury violated Article II, Section 3 and Article V, Section 1 of the Agreement, by not granting a Union request to hold a meeting with the Grievant and a Union Representative before imposing discharge. As a result, the Arbitrator ruled that the Grievant's discharge was not for just cause, and directed that she be returned to work, but without any back pay or benefits.

**III.    Summary Judgment Standard of Review**

Summary judgment is proper where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Id. If the movant carries its burden of showing an absence of evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories, and admissions that a genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-325 (1986).

**IV.   Analysis**

Plaintiff contends that the Agreement does not obligate Canterbury to conduct a meeting with the Grievant and a Union representative prior to the imposition of discipline or discharge. Plaintiff argues that by premising his decision on Canterbury's failure to hold such a meeting, the Arbitrator exceed his legal and contractual authority under the Agreement by creating a new contractual obligation that did not otherwise exist. Plaintiff further argues that the Union never argued that Grievant's discharge was without just cause because she was not afforded such a meeting prior to her discharge. Accordingly, Plaintiff argues, the Arbitrator acted outside the scope of his authority by resolving a dispute that had not been committed to the arbitration process by either party.

This Court may conduct only a very limited review of the Arbitrator's Award. The Sixth Circuit has explained, "arbitration as a means of dispute resolution is highly favored and courts have long refrained from involving themselves in the merits of an arbitration award." International Brotherhood of Electrical Workers, Local 429 v. Toshiba America, Inc., 879 F.2d

208, 209 (6th Cir.1989). The Sixth Circuit later explained its narrow scope of review of an arbitration award, stating,

> When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence.
>
> The question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

Lattimer Stevens Co. v. United Steelworkers, 913 F.2d 1166, 1169 (6th Cir.1990). The Sixth Circuit later referred to this sort of review as "profound deference" to the arbitrator's decision. Bruce Hardwood Floors v. Southern Council of Indus. Workers, 8 F.3d 1104, 1107 (6th Cir. 1993).

Plaintiff's main contention is that the Arbitrator misapplied the Agreement when he concluded that Grievant was entitled to a hearing prior to her discharge. However, even if the Arbitrator was incorrect in his interpretation of the Agreement, recourse to this Court for review of the Arbitrator's decision is not appropriate. While an arbitrator may not ignore the plain language of a contract, "the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject the award on the ground that the arbitrator misread the contract. . . Even if a court is convinced that an arbitrator has committed serious error, therefore, it may not overturn the arbitration award as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." Bruce Hardwood Floors, 8 F.3d at 1107.

Here, the Arbitrator's Award draws its essence from the parties' Agreement. The Arbitrator made it clear that his conclusion came from his reading of Article II, Section 3 and

Article V, Section 1, Step 3 of the Agreement. The Arbitrator interpreted the parties' Agreement to require a meeting before the imposition of discharge, and then found as fact that Canterbury did not conduct a Step 3 meeting before Grievant's discharge.

Plaintiff also argues that the Arbitrator exceeded the scope of his authority when he resolved a dispute that Plaintiff claims had not been submitted to him. Specifically, Plaintiff argues that the Union never argued that Grievant's discharge was without just cause because Grievant was not afforded a meeting under Step 3 of the Grievance Procedure prior to her discharge. Accordingly, Plaintiff argues, by making such a determination, the Arbitrator exceeded the scope of his authority and resolved a dispute that had not been presented to him.

In his Award, the Arbitrator identified the issue before him as: "Was the Grievant discharged for just cause? If not, what shall the remedy be?" Pltf's Exh. 2, p. 3. Neither party objected to the Arbitrator's description of the issue before him. In determining whether the discharge was for just cause, the Arbitrator interpreted the parties' Agreement. His interpretation of the Agreement brought him to the conclusion that Plaintiff was required to conduct a Step 3 meeting before the imposition of discharge.

While the Arbitrator is not allowed to ignore the plain language of the Agreement, if the parties have authorized the arbitrator to give meaning to the language of the Agreement, then the Court should not reject an award on the ground that the arbitrator misread it. United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1988). Here, where the Arbitrator's decision was clearly based on his reading of the parties' Agreement, the Court will not overrule the Award, even if it may seem that the Arbitrator's reasoning is flawed or that the Arbitrator imposed additional requirements on the parties that are not contained within the Agreement, so long as it appears that the additional requirements were culled from the Arbitrator's

interpretation of the Agreement. Here, it is clear that the Arbitrator drew its conclusions from such interpretation.

**V.      Order**

Accordingly,

IT IS ORDERED that Defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is DENIED.




                                          ____s/Bernard A. Friedman_____
Date:   November 20, 2007       BERNARD A. FRIEDMAN
                                            CHIEF UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman